UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA CITY DIVISION

JOHNNIE LEE DIRDEN, JR.,

     Plaintiff,

v.                             Case No. 3:15cv192-MCR-CJK

JOSEPH A. SCHILLER,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's amended civil rights complaint filed under 42 U.S.C. § 1983 (doc. 25). Plaintiff, who is proceeding *pro se*, has been granted leave to proceed *in forma pauperis* (doc. 12). Upon review of plaintiff's amended complaint, the Court concludes it fails to state a claim upon which relief can be granted and thus should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff names five defendants in his amended complaint – Frank Bell, Escambia County Circuit Judge; Julie L. Jones, Secretary of the Florida Department of Corrections ("FDOC"); George C. Zoley, Founder of the GEO Group, Inc.; Anne M. Patterson, Assistant State Attorney; and Richard L. Swearingem, Commissioner

of the Florida Department of Law Enforcement ("FDLE") (doc. 25).  Plaintiff's complaint appears to stem from a state court sentencing hearing and includes claims under the Fourth, Fifth, Tenth, and Fourteenth Amendments to the United States Constitution.  As relief, plaintiff seeks monetary damages from each defendant and immediate release from incarceration.

Because plaintiff is proceeding *in forma pauperis*, the court must dismiss the action if it determines that is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519 (1972).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had

"not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).   A complaint also is subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*,  549 U.S. 199, 215 (2007) (reiterating that principle).

The only defendant against whom plaintiff makes specific allegations is Judge Bell.   Plaintiff's claim for monetary damages against Judge Bell in his official capacity, however, is barred by the doctrine of sovereign immunity.   His claims for monetary damages against the remaining defendants – Julie L. Jones, George C. Zoley, Anne M. Patterson, and Richard L. Swearingem, although supported by few to no factual assertions, are barred by the same doctrine.   Indeed, absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment is an absolute bar to an individual's suit for monetary damages against a state or its agencies or against a state officer in his official capacity.[1]  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

---

[1] Private contractors that run prisons, like Geo, act under color of state law for purposes of § 1983 liability.  *Kouranos v. Mosely*, No. CV 311-086, 2011 WL 7025285, at *2 n.2 (S.D. Ga. Dec. 13, 2011) report and recommendation adopted by 2012 WL 112955 (S.D. Ga. Jan. 11, 2012) (*citing Farrow v. West*, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003)).

Plaintiff's claim for monetary damages against Judge Bell in his individual capacity also is barred by a separate immunity– judicial immunity.  A judge acting in his judicial capacity is absolutely immune from suit for monetary damages.  *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (*citing Mitchell v. Forsyth*, 472 U.S. 511, 526-27, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)); *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980); *Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005).  Immunity may be overcome only (1) where the judge has not acted within his judicial capacity, or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Mireles*, 502 U.S. at 11; *Forrester v. White*, 484 U.S. 219, 227, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).  "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley*, 437 F.3d at 1070 (*citing Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)).

An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. *Dykes v. Hosemann*, 776 F.2d 942, 946-47 (11th Cir. 1985) (citations omitted). The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86. Hence, a judge is not deprived of absolute immunity from liability for damages because an action he took was in error, was illegal, was done maliciously, or was in excess of his authority. *Stump*, 435 U.S. at 355-57; *see also Mireles*, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). A judge is subject to liability only when he acted in clear absence of all jurisdiction and knew or must have known that he was acting in such a manner. *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (*citing Stump*, 435 U.S. at 356-57). Where a court has subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. *Harper v. Merckle*, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction).

The conduct of which plaintiff complains – Judge Bell "forc[ing] the courts [sic] jurisdiction upon [him]" and refusing to address all motions in connection with

the sentencing hearing – are functions normally performed by a judge.  In other words, as plaintiff was a party in the case over which Judge Bell was presiding, plaintiff dealt with Judge Bell in his judicial capacity.  Under Florida law, state circuit judges have exclusive original jurisdiction to hear and determine felony criminal matters.  *See* Fla. Stat. § 26.012(2)(d).  Judge Bell thus is absolutely immune from this suit.

To the extent plaintiff sues Patterson in her individual capacity, she, too, is entitled to immunity.  Similar to judges, state prosecutors are entitled to absolute immunity for any allegedly unconstitutional actions performed within the scope of their roles as government advocates.  *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (*citing Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993)).  The initiation and pursuit of a criminal prosecution, appearances before the court, and other in-court activity are classic examples of actions taken by prosecutors in performing their roles as government advocates.  *See Rivera*, 359 F.3d at 1353; *see also Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (finding that absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State").  For qualifying acts, a prosecutor receives absolute immunity regardless of the prosecutor's motive or intent.  *See Grant v. Hollenbach*,

870 F.2d 1135, 1138 (6th Cir. 1989) ("Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously. . . .") (quotations omitted).  Because plaintiff is suing Patterson based on alleged actions that occurred in the course of her role as an advocate for the State, Patterson is immune from suit.

Julie L. Jones and Richard Swearingem are sued in their official capacities as the Secretary of the FDOC and Commissioner of the FDLE, respectively.  George C. Zoley is sued in his capacity as the founder of Geo.  Such claims are treated as suits against the governmental entities the defendants represent.  *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985); *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013). The Supreme Court explained that "a governmental entity is liable under § 1983 only when the entity itself is a '"moving force"' behind the deprivation; thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law."  *Graham*, 473 U.S. at 166 (internal citations omitted).

"To hold a [governmental entity] liable, a plaintiff must show that (1) his constitutional rights were violated; (2) the [governmental entity] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."  *Faulkner*, 523 F. App'x at 701 (internal

marks omitted). "A policy is a decision that is officially adopted by the [governmental entity], or created by an official of such rank that he or she could be said to be acting on behalf of the [governmental entity]. . . . A custom is a practice that is so settled and permanent that it takes on the force of law." *Wayne v. Jarvis*, 197 F.3d 1098, 1105 (11th Cir. 1999) (*quoting Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997)). The 'policy or custom' requirement requires a plaintiff to identify either (1) a particular officially promulgated . . . policy or (2) a particular unofficial custom or practice . . . shown through the repeated acts of a final policymaker for the [governmental entity].'" *Id.* (*quoting Glech v. Clayton Cnty.*, 335 F.3d 1326, 1329-30 (11th Cir. 2003)). "With respect to the latter option, a [governmental entity]'s failure to correct the constitutionally offensive actions of its employees can rise to the level of a custom or policy 'if the [governmental entity] tacitly authorizes these actions or displays deliberate indifference' toward the misconduct." *Id.* (*quoting Griffin, supra*). "Because a [governmental entity] rarely will have an officially-adopted policy of permitting a particular constitutional violation, most plaintiffs must show that the [governmental entity] has a custom or practice of permitting certain actions and that the [governmental entity's] custom or practice is the moving force behind the constitutional violation." *Id.* (*citing Glech*, 335 F.3d at 1330); *Holmes v. Kucynda*, 361 F.3d 1069, 1078 (11th Cir. 2003)).

"Regardless of whether a plaintiff attempts to state a claim under section 1983 by alleging a policy or a custom, he or she must also identify an official who speaks with 'final policymaking authority for [the governmental entity] concerning the act alleged to have caused the particular constitutional violation in issue.'" *Id.* at 1307-08 (*quoting Grech*, 335 F.3d at 1330). "Indeed, '. . . liability under § 1983 attaches where-and only where-a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Id.* at 1308 (*quoting Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986)).

Here, plaintiff alleges Jones violated his due process rights by acting pursuant to "policy, rules, and statutes that is [sic] not law, but its corporation rules, policy and statutes that is unconstitutional." Plaintiff, however, has wholly failed to identify any particular policy, practice, or custom, much less one that infringed upon his constitutional rights, for which Jones even arguably could be held liable. In fact, he has not even alleged any affirmative act for which Jones could be held liable. He therefore has alleged insufficient facts to sustain a § 1983 claim against Jones in her official capacity.

The same is true with respect to Swearingem.  Plaintiff alleges Swearingem "forc[ed] obligation upon the Plaintiff to register under state statutes, when state statutes are not law but policy and are unconstitutional."  Again, plaintiff wholly fails to identify any policy, practice, or custom, much less one for which Swearingem conceivably could be held liable.  Plaintiff's official capacity claims against Swearimgem thus also are not viable.

With regard to Zoley, plaintiff states Zoley "is violating the liberty of Plaintiff without due process under fraud, without proof of authority (NO CRIME HAS BEEN COMMITTED) under color of authority state law, which rights are secured by the Constitution.  Acting outside of jurisdiction."  Once again, plaintiff has not identified any policy, practice, or custom for which Zoley could be liable.

To the extent plaintiff asserts such claims, his claims against the defendants in their individual capacities likewise fail.  The Fourth Amendment protects against unreasonable searches and seizures.  *See* U.S. Const. Amend. IV.  Plaintiff's Fourth Amendment claim presumably is based upon his sentence.  That fact is far from clear, however; and as the Eleventh Circuit has recognized, conclusory allegations are insufficient to sustain a Fourth Amendment claim, as plaintiff must allege a claim that is "'plausible on its face.'"  *See, e.g., Wright v. Dodd*, 438 F. App'x 805, 806 (11th Cir. 2011) (*quoting Iqbal*, 129 S. Ct. At 1949).  Plaintiff thus has alleged insufficient

facts to support a claim for a Fourth Amendment violation.

Turning to his due process claims, "'[t]he fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states, from depriving any person of life, liberty, or property without due process of law.'" *Young v. City of Mobile*, No. 13-00586, 2014 WL 5488827, at *4 (S.D. Ala. Oct. 29, 2014) (*quoting Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1041 (11th Cir.1989)).  "The Fifth Amendment's due process clause applies only to the federal government." *Id.* (*citing Bartkus v. State of Ill.*, 359 U.S. 121, 124 (1959)).  Plaintiff has identified no federal actors; therefore, he has failed to state a Fifth Amendment claim.

As for his Fourteenth Amendment due process claim, "[i]n this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Lane v. Fort Walton Beach Housing Auth.*, 518 F. App'x 904, 910 (11th Cir. 2013) (internal marks omitted). "There can be no doubt that, at a minimum, the Due Process Clause requires notice and the opportunity to be heard incident to the deprivation of . . . property at the hands of the government." *Id.* (internal marks omitted).  "However, due process is a flexible concept that varies with the particular circumstances of each case, and to

determine the requirements of due process in a particular situation, we must apply the

balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 47 L.

Ed. 2d 18 (1976)."  *Id.* (internal marks omitted).

> "Under the *Mathews* balancing test,
>
>> due process generally requires consideration of three
>> distinct factors: [f]irst, the private interest that will be
>> affected by the official action; second, the risk of an
>> erroneous deprivation of such interest through the
>> procedures used, and the probable value, if any, of
>> additional or substitute procedural safeguards; and finally,
>> the Government's interest, including the function involved
>> and the fiscal and administrative burdens that the
>> additional or substitute procedural requirement would
>> entail."

*Id.* (*quoting Mathews*, 424 U.S. at 335, 96 S. Ct. at 903).  Plaintiff has wholly failed

to allege inadequate process.  Rather, he has alleged he had a sentencing hearing,

presumably prior to his incarceration.  Accordingly, plaintiff has failed to allege facts

sufficient to sustain a Fourteenth Amendment due process claim.

Plaintiff's Tenth Amendment claim likewise fails.  The Tenth Amendment

provides that "[t]he powers not delegated to the United States by the Constitution, nor

prohibited by it to the States, are reserved to the States respectively, or to the people."

As the Supreme Court explained,

> [t]he amendment states but a truism that all is retained
> which has not been surrendered. There is nothing in the
> history of its adoption to suggest that it was more than

> declaratory of the relationship between the national and state governments as it had been established by the Constitution before the amendment or that its purpose was other than to allay fears that the new national government might seek to exercise powers not granted, and that the states might not be able to exercise fully their reserved powers.

*U.S. v. Darby*, 312 U.S. 100, 124 (1941).  Plaintiff has alleged no facts whatsoever to support a Tenth Amendment claim.

Even if plaintiff had adequately pled a constitutional violation, his claims are barred by *Heck v. Humphrey*, in which the Supreme Court held that before a plaintiff may proceed with a § 1983 action "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove that the conviction or sentence has been somehow invalidated.  512 U.S. 477, 486-87 (1994).  If the plaintiff fails to demonstrate the conviction or sentence has been invalidated, any claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Id*. at 487.

Plaintiff has failed to demonstrate his conviction or sentence has been invalidated.  To the contrary, it is apparent neither has.  Moreover, any judgment in his favor against any of the defendants necessarily would imply that his conviction was invalid.  *Id.* at 487.  In fact, that is part of the relief he seeks - to have his

conviction and sentence vacated.  Plaintiff's claims therefore are barred by *Heck v. Humphrey*.

To the extent plaintiff's state court case has concluded, his claims also are barred by the *Rooker-Feldman* doctrine,[2] which precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (quotation omitted).  In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517, 1521-22 (2005), the Supreme Court cautioned against broadly construing *Rooker-Feldman* and held the doctrine should be confined only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Nevertheless, *Rooker-Feldman*'s reach extends to federal claims raised by the state-court loser that are deemed to be "inextricably intertwined" with the state court judgment such as (1) where the success of the federal claim would "effectively nullify" the state court judgment; and (2) where the federal claim "succeeds only to the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (quotation omitted).  This is such a case because

---

[2] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82, 103 S. Ct. 1303, 1311-15, 75 L. Ed. 2d 206 (1983).

plaintiff expressly seeks nullification of the state court judgment.

Finally, plaintiff is not entitled to the relief he seeks.  According to the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002).  This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition.  It is evident from the face of plaintiff's pleadings that plaintiff was a prisoner at the time he filed this action and that the alleged harm occurred while he was in custody. Plaintiff, however, has not alleged any physical injury, much less one that is more than *de minimis*.  Accordingly, plaintiff is prohibited under the PLRA from recovering the damages he seeks.  *Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999) ("*Harris I*"), *vacated in part and reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc) ("*Harris II*") (affirming district court's dismissal, under 42 U.S.C. § 1997e(e), of prisoners' compensatory and punitive damages claims arising from prison officials' alleged unconstitutional conduct, where prisoners alleged no physical injury arising from that conduct); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when

taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury).  In addition, as set forth above, plaintiff may not seek release in a § 1983 action.[3]

Accordingly, it is respectfully RECOMMENDED:

1.  That the complaint be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B);

2.  That all pending motions and petitions be DENIED as moot; and

3.  That the Clerk be directed to close the file.

At Pensacola, Florida this 22nd day of August, 2016.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Plaintiff submitted an "Addendum" to his complaint, which the undersigned construed as an amended complaint – in part because plaintiff added new defendants.  The document was returned to plaintiff because it was filed without leave of court, as required by Fed. R. Civ. P. 15(a).  Leave to amend would have been denied, however, because any amendment would have been futile for the reasons set forth above.

Case No. 3:15cv192-MCR-CJK

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.